**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: January 9, 2024
Date Decided: April 18, 2024

Daniel A. O'Brien, Esq.
VENABLE LLP
1201 N. Market Street, Suite 1400
Wilmington, Delaware 19801

Kevin S. Mann, Esq.
CROSS & SIMON, LLC
1105 N. Market Street, Suite 901
Wilmington, Delaware 19899

Karen E. Keller, Esq.
Nathan R. Hoeschen, Esq.
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, Delaware 19801

> Re: *BAM International, LLC v. MSBA Group Inc.*,
> C.A. No. 2021-0181-SG

Dear Counsel:

Before me currently is an application for attorney's fees ("Fee Application") from intervenor plaintiff Crowley Government Services, Inc. ("Crowley").[1] On May 2, 2023, I granted Crowley's motion to compel and for sanctions (the "Amended Motion to Compel").[2] At that time, I ordered fee-shifting and instructed Crowley to submit an affidavit of fees incurred in connection with the discovery dispute.[3] On

---

[1] *See* Am. Att'ys' Fees Decl. of Daniel A. O'Brien, Dkt. No. 121 ("Fee Appl.").
[2] *See* Tr. of 5-2-2023 Hr'g on Am. Mot. to Compel Def. Mammothrx, Inc. and for Sanctions, Dkt. No. 103.
[3] *See id.*

June 13, 2023, Crowley submitted the requested affidavit seeking $253,187.45 in attorneys' fees that were incurred between November 1, 2021, and May 2, 2023.[4] The Court held a teleconference on August 1, 2023, where it instructed Crowley to re-calculate attorneys' fees requested to reflect that Court first warned the parties of the potential fee-shifting during a May 10, 2022 status conference.[5] Crowley submitted an amended application for attorneys' fees on October 12, 2023.[6] Defendant Mammoth RX, Inc. ("Mammoth") filed a response to the requested fees on November 20, 2023.[7] On January 9, 2023, Crowley informed the Court that no further briefing would be submitted in connection with the Fee Application.[8] I consider the matter fully submitted as of that date.

Crowley's amended fee application now seeks fees totaling $114,282, representing 162 hours of work in connection with the discovery dispute that occurred between May 11, 2022, and May 2, 2023.[9] These fees relate specifically to (a) continued discovery deficiencies; (b) a June 24, 2022 meet and confer to discuss the deficient productions; (c) a July 7, 2022 discovery deposition regarding the productions; (d) the preparation and briefing of the December 1, 2022 Amended

---

[4] *See* Att'ys' Fees Decl. of Daniel A. O'Brien, Dkt. No. 106.
[5] *See* Tr. of 8-1-2023 Tel. Hr'g re Disc. and Fee Appl., Dkt. No. 116.
[6] *See* Fee Appl.
[7] Mammoth RX, Inc.'s Resp. to Crowley Gov't Servs., Inc.'s Am. Att'ys' Fees Decl., Dkt. No. 124 ("Def.'s Opp'n").
[8] *See* Letter from Daniel A. O'Brien to Vice Chancellor Glasscock re Pending Att'ys' Fee Appl., Dkt. No. 126.
[9] Fee Appl. ¶ 25.

Motion to Compel; (e) preparation of two joint status letters to the Court, dated May 24 and June 7, 2022; and (f) the oral argument to present the Amended Motion to Compel.[10]

Mammoth contends that the Court should only grant the Fee Application for work related specifically to preparation and presentation of the Amended Motion to Compel, *i.e.*, categories (d) and (f) listed above, because the other activities are substantially unrelated to the discovery dispute giving rise to the Court's order to shift fees.[11] With respect to Mammoth's continued discovery deficiencies, the related meet and confer, and the joint status updates to the Court, Mammoth asserts that fees should not be shifted because Mammoth voluntarily produced documents, with the exception of two documents, after my May 10, 2022 warning but before the Amended Motion to Compel was filed.[12] As to the discovery deficiency deposition, Mammoth argues that this deposition was voluntarily agreed to by the parties in an attempt to resolve the discovery dispute among themselves.[13] Accordingly, Mammoth requests that this Court cap the fees sought by Crowley to $80,525.50 of the fees sought in the Fee Application as those fees were incurred after July 22, 2022, when work on the Amended Motion to Compel commenced.[14]

---

[10] *Id.*
[11] Def.'s Opp'n 1–3.
[12] *Id.* at 3–6.
[13] *Id.* at 6–10.
[14] *Id.* at 12.

Under Court of Chancery Rule 37, if a motion to compel is granted, "the Court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including the attorney's fees[.]"[15] I have reviewed the Fee Application and the opposition thereto filed by Mammoth. I find that the time documented is reasonable given the facts as I understand them and that the requested fees comply with my directive during the August 1, 2023 status conference. Accordingly, the Fee Application for discovery sanctions is approved.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

[15] Ct. Ch. R. 37(a)(4)(A).